UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-CV-11189-RGS

ASYMMETRX, INC. and
PRESIDENT AND FELLOWS OF
HARVARD COLLEGE

v.

BIOCARE MEDICAL LLC

MEMORANDUM AND ORDER ON HARVARD'S MOTION
TO STAY AND COMPEL ARBITRATION

December 3, 2010

STEARNS, D.J.

The motion to stay and compel arbitration (Docket # 84) is <u>ALLOWED</u>. The objection interposed by defendant Biocare Medical LLC (Biocare) is based on Harvard's alleged failure to invoke the arbitration clause of the License Agreement in a timely fashion. While there is no doubt that Harvard was aware of the dispute almost from its inception, and certainly for the duration of the litigation (as Biocare claims), I do not fault Harvard for the delay. The original parties (AsymmetRx and Biocare), as well as the court, proceeded to a decision on the merits after extended litigation with only the slightest of suggestions that Harvard might be a necessary (as opposed to desirable) party.[1] Only when the Federal Circuit, after full briefing and an oral argument on the appeal of the district court's decision, *sua sponte* concluded that Harvard was a necessary party did Harvard become involved (and then only at the prodding of the district court). Under the

---

[1] Neither AsymmetRx nor Biocare ever moved to join Harvard as a necessary party pursuant to Fed. R. Civ. P. 19(a).

circumstances, I would be hard pressed to conclude that Harvard was lying in the weeds in order to extract an advantage in an arbitration that no one foresaw. Harvard's lawyers have a reputation for being smart, but being clairvoyant is something else altogether.[2]

        SO ORDERED.

        /s/ Richard G. Stearns

        _____

        UNITED STATES DISTRICT JUDGE

---

[2] Biocare's allegation that Harvard has in some underhanded fashion colluded with Asymmetrx to obtain an unfair advantage in the arbitration process by sitting on its rights is a matter for the arbitrator and not this court. See Sleeper Farms v. Agway, Inc., 506 F.3d 98, 103 (1st Cir. 2007) (issues of "procedural" arbitrability – whether contractual time limits have been met, or whether laches or estoppel bar invocation of arbitral rights, are for the arbitrator).